THE HONORABLE TANA LIN

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| REPLENIUM INC., <br><br> Plaintiff, <br><br> v. <br><br> ALBERTSONS COMPANIES, INC., <br><br> Defendant. | CASE NO. 2:24-cv-1281-GJL <br><br> **PLAINTIFF REPLENIUM INC.'S MEMORANDUM OF LAW IN RESPONSE TO DEFENDANT ALBERTSONS COMPANIES, INC.'S MOTION TO SEAL** <br><br> NOTE ON MOTION CALENDAR: November 1 , 2024 |

Replenium Inc. ("Replenium") files this response to Albertsons Companies, Inc.'s ("Albertsons") Motion to Seal (the "Motion to Seal"). Dkt. 21. Albertsons filed the Motion to Seal certain exhibits attached to its Motion to Dismiss at the request of Replenium, but maintains that all of these exhibits, Exhibits 1-8, 11-13, and 16-20 to the Declaration of Aaron Schaer, should be filed publicly.[1] Dkt. 21 at 1. Replenium files this response in support of its request to seal Exhibits 11, 12, 16, 17, 18, 19, and 20 and Exhibits 1, 2, and 5.[2] These Exhibits contain either highly confidential and competitive pricing information or trade secrets, which would harm Replenium's business and competitive standing if filed publicly. Courts consistently recognize the importance to businesses of

---

[1] Unless otherwise noted, references to Exhibits herein are references to the Exhibits attached to the Declaration of Aaron Schaer dated October 11, 2024. Dkt. 23.

[2] Replenium will agree to unseal the following Exhibits to the Schaer Declaration: 3,4,6,7,8, and 13, and thus will not be addressing those in this response.

PLAINTIFF REPLENIUM INC.'S MEMORANDUM OF LAW IN RESPONSE TO DEFENDANT ALBERTSONS COMPANIES, INC.'S MOTION TO SEAL - 1
CASE NO. 2:24-CV-1281-GJL

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

keeping under seal information, like pricing information, that could harm its competitive standing if made public.[3]  Similarly, courts agree that trade secrets should be kept under seal, and that a motion to seal is not the forum for litigating whether certain information constitutes protectable trade secrets.

## FACTUAL AND PROCEDURAL BACKGROUND

Replenium is a Software as a Service (SaaS) company that provides groundbreaking auto-replenishment services to grocery retailers utilizing Replenium's trade secret technology, know-how, and processes.  Dkt. 1 ("Compl.") ¶ 1. In June 2020, Replenium and Albertsons entered into a Mutual Non-Disclosure Agreement ("MNDA") to "share information for the purpose of evaluating the suitability of entering into a business relationship or in furtherance of an existing business relationship." *Id.* ¶ 31. And in October 2020, Replenium and Albertsons entered into a Master Service Agreement ("MSA") under which Replenium agreed to provide a first-of-its-kind auto-replenishment solution (the "Replenium Platform") to Albertsons and its customers. *Id.* ¶¶ 2, 36. The MSA incorporated the terms of the MNDA and further provided that Albertsons would use reasonable efforts to protect Replenium's intellectual property rights. *Id.* ¶ 38. Pursuant to the MNDA, and later the MSA, Replenium began sharing its trade secrets and confidential information with Albertsons. *Id.* ¶¶ 50-66. Replenium did so through PowerPoint presentations, email, Microsoft Teams messages, Slack, weekly meetings, and other forms of communication. *See id*. ¶¶ 52-62.

The parties initially agreed to a December 31, 2020, Commercial Launch date for the solution, which was later amended to March 15, 2021. *Id.* ¶¶ 67-68. But, despite years of work, during which Replenium shared its trade secret and confidential information with Albertsons, Albertsons never launched the Replenium Platform. Instead, Albertsons began secretly developing its own version of the Replenium Platform while it continued to work with Replenium and receive

---

[3] Replenium maintains that none of these Exhibits are appropriate for consideration on a motion to dismiss as they were not incorporated by reference in the Complaint, and it is inappropriate for Albertsons to gratuitously make them public as part of its improper Motion to Dismiss strategy that relies on facts outside of the Complaint.

PLAINTIFF REPLENIUM INC.'S MEMORANDUM OF LAW IN RESPONSE TO DEFENDANT ALBERTSONS COMPANIES, INC.'S MOTION TO SEAL - 2
CASE NO. 2:24-CV-1281-GJL

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

its trade secrets. *Id.* ¶ 112. After obtaining Replenium's trade secret and confidential information, Albertsons terminated the MSA and launched its own auto-replenishment platform. *Id.* ¶¶ 107, 116.

On August 19, 2024, Replenium initiated this action against Albertsons alleging, among other things, misappropriation of Replenium's trade secrets in violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836 et seq., and the Washington Uniform Trade Secrets Act, R.C.W. § 19108.010, et seq, as well as breach of contract claims. *See generally* Compl. On October 11, 2024, Albertsons filed a motion to dismiss the Complaint. Dkt. 22. Albertsons also filed a motion to seal its Exhibits filed with its motion to dismiss at Replenium's request, but Albertsons maintains that the Exhibits should not be sealed. *See* Dkt. 21 at 1.

## ARGUMENT

### I.  Legal Standard

"[U]nless a particular court record is one 'traditionally kept secret,' a strong presumption in favor of access is the starting point." *Electronic Arts, Inc. v. United States District Court*, 298 F. App'x 568, 569 (9th Cir. 2008) (quoting *Kamakana v. City and County of Honolulu*, 47 F.3d 1172, 1178 (9th Cir. 2006)). But that presumption is rebuttable by articulating "compelling reasons supported by specific factual findings." *Kamakana*, 447 F.3d at 1178. "Compelling reasons" include preventing judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Electronic Arts*, 298 F. App'x at 569 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Similarly, courts in this district have "routinely sealed documents that contain trade secret information and confidential or proprietary information that may cause competitive harm." *Blockchain Innovation, LLC v. Franklin Res, Inc.*, 2024 U.S. Dist. LEXIS 181306, at *6 (N.D. Cal. Oct. 3, 2024) (collecting cases).

PLAINTIFF REPLENIUM INC.'S MEMORANDUM OF LAW IN RESPONSE TO DEFENDANT ALBERTSONS COMPANIES, INC.'S MOTION TO SEAL - 3
CASE NO. 2:24-CV-1281-GJL

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

II. **Compelling Reasons Exist for Exhibits 1, 2, 5, 11, 12, 16, 17, 18, 19, and 20 to be Filed Wholly or Partially Under Seal or With Limited Redactions**

    A. <u>Exhibits Containing Sensitive Financial Information and Information Which, if Disclosed, Would Place Replenium at a Competitive Disadvantage, Should be Sealed.</u>

Exhibit 1 to the Schaer Declaration is the Statement of Work ("SOW") entered between Albertsons and Replenium, and Replenium is seeking a partial sealing of this document to ensure that its sensitive pricing information remains confidential. In particular, Replenium is seeking to file under seal Appendix A and Appendix C to the SOW. Appendix A discloses sensitive financial information related to the fees that Replenium negotiated with Albertsons to earn pursuant to the MSA. Appendix C discloses a detailed list of the service features Replenium was to provide to Albertsons pursuant to the MSA. Replenium's proposed redacted version of Exhibit 1 is attached to the Locker Declaration as Exhibit A.

The public disclosure of Replenium's fee structure and the features that Replenium would provide in return has great potential to harm it in future contract negotiations with customers and potential customers. *See Electronic Arts*, 289 F. App'x at 569 (observing that "pricing terms, royalty rates, and guaranteed minimum payment terms" is the "precise sort of information" that may harm a litigant's competitive standing); *Fed. Trade Comm'n v. Qualcomm Inc.*, 2019 U.S. Dist. LEXIS 1289, at *15 (N.D. Cal. Jan. 3, 2019) (finding compelling reasons for "information that, if published, may harm [a party's] or third parties' competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets"). This information is confidential and not shared with outside parties. Disclosure of this pricing information would put Replenium at a disadvantage in future contract negotiations and would harm Replenium's competitive standing, and thus, at least Appendices A and C to the SOW of Exhibit 1 should remain under seal. *See Cypress Semiconductor Corp. v. Fujitsu Semiconductor, Ltd.*, 2020 U.S. Dist. LEXIS 33789, at *4 (N.D. Cal. Feb. 26, 2020) (noting courts seal information which could put a party "at a disadvantage in future negotiations" because "it could harm the movant's competitive standing").

PLAINTIFF REPLENIUM INC.'S MEMORANDUM OF LAW IN RESPONSE TO DEFENDANT ALBERTSONS COMPANIES, INC.'S MOTION TO SEAL - 4
CASE NO. 2:24-CV-1281-GJL

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1	Similarly, a portion of Exhibit 5, which is Amendment Number One to Statement of Work, should remain sealed as it contains Replenium's hourly rate and detailed description of Replenium Platform-specific work performed at Albertsons' request. Replenium's proposed redacted version of Exhibit 5 is attached to the Locker Declaration as Exhibit B. Replenium's hourly rates and details of work performed in connection with the Replenium Platform are not publicly available. Consistent with the above discussion, Replenium's competitive standing would be at risk if this confidential pricing information was publicly disclosed.

Furthermore, it appears that Albertsons is not contesting the sealing of "certain payment information," based on its statement in its Motion to Seal at 1. Replenium's requests to seal both Exhibits 1 and 5 are narrowly tailored to only seek sealing of properly sealable material, as it is only seeking to seal this sensitive pricing information. *See* Local Rule (5)(g)(3).

B.   <u>Exhibits Disclosing Trade Secrets Should be Sealed.</u>

Exhibits 2, 11, 12, 16, 17, 18, 19, and 20 should be sealed because they divulge Replenium's confidential and trade secret information.

- Exhibit 2, should be filed, in part, under seal. Replenium's proposed redacted version of Exhibit 2 is attached to the Locker Declaration as Exhibit C. Exhibit 2 is a presentation shared by Replenium with Albertsons, entitled "Auto-Replenishment @ Albertsons, Tech Overview – June 23, 2020." This presentation details, among other things, the structure of Replenium's Azure architecture, user and data flow, auto-replenishment recurring order flow, and various order- and item-level features which differentiate Replenium's systems from its competitors' systems and, in any event, would give competitors insight into Replenium's confidential business presentations. Replenium seeks to have slides with numbers 12-16 filed under seal, as well as slides 39 and 40. Slides 12-16 consist of trade secrets and make up the technology overview section of the presentation. Slides 39 and 40 consist of Replenium's recommended implementation features, which constitute proprietary and confidential business information.

PLAINTIFF REPLENIUM INC.'S MEMORANDUM OF LAW IN RESPONSE TO DEFENDANT ALBERTSONS COMPANIES, INC.'S MOTION TO SEAL - 5
CASE NO. 2:24-CV-1281-GJL

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

- Exhibit 11 consists of an email, which is not referenced, in the Complaint, either directly or indirectly, and is thus improperly attached to Albertsons' Motion to Dismiss as it is undisputedly not incorporated by reference. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (documents that do not form the basis of the complaint but are merely used to create defenses to well-pled allegations are not incorporated by reference). This exhibit should be sealed as it "implicates [a party's] business interests yet is inconsequential to the merits of the underlying dispute." *Silver Fern Chem., Inc. v. Lyons*, 2023 U.S. Dist. LEXIS 124575, at *5 (W.D. Wash. Jul. 19, 2023). It injects information related to payments that are not raised by Replenium its in complaint. Moreover, this email attaches a "Contract/Cost Alignment & Resolution" PowerPoint that includes Replenium cost information and projected financial data, which is properly sealed information. *See Clean Crawl, Inc. v. Crawl Space Cleaning Pros, Inc.,* 2019 U.S. Dist. LEXIS 215122, at *3 (W.D. Wash. Dec. 13, 2019) (granting motion to seal to redact "historical, present, and projected financial data . . . which would harm [a party's] business interests if made public"). Moreover, the Exhibit 11 email attaches the SOW, which contains the Appendices A and C, which Replenium has sought to seal, as discussed *supra*.

- Exhibit 12, titled "Albertsons User Stories," is another presentation shared by Replenium with Albertsons under the MNDA, and details the Replenium platform's underlying processes as well as the Replenium-designed customer user experience. Replenium seeks to file under the seal the entirety of the presentation, as a competitor could take the information contained to assist therein to assist it in building a competing production. However, in particular, the information at slides 5, 11, 12, 19, and 26 contain information that would provide, together with other confidential Replenium information, a roadmap to a competitor seeking to build an auto-replenishment solution.

- Exhibit 16, a presentation titled "Replenium System Architecture," details the process flow and system interactions that enable Replenium's full-basket auto replenishment system to function. This presentation discusses the way in which Replenium implements its technology to

PLAINTIFF REPLENIUM INC.'S MEMORANDUM OF
LAW IN RESPONSE TO DEFENDANT ALBERTSONS
COMPANIES, INC.'S MOTION TO SEAL - 6
CASE NO. 2:24-CV-1281-GJL

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

enable auto-replenishment functionality, when and in what instances information is requested and sent from Replenium's systems, as well as how Replenium's auto-replenishment subscriptions function. These details would be valuable to a competitor of Replenium in expediting the process of building an auto-replenishment solution.

- Replenium is seeking to seal Exhibit 17, a document titled Replenium SDK for iOS, as it details Replenium's proprietary software development kit, which is not shared publicly, and is only shared with Replenium partners pursuant to a non-disclosure agreement because it details the methods by which Replenium's platform can be called for information.

- Exhibit 18, a document titled "Replenium API End-Points," details the methods by which Replenium's application programming interface could be called to return information from Replenium's back-end system, as well as providing insight into the ways in which Replenium organizes and structures its underlying systems. This document contains trade secret and business competitive information, particularly the information contained at pages 5 and 7 through 11 of this document and must be kept under seal.

- Exhibit 19, a June 1, 2023, email chain between Replenium employees, including its Chief Technology Officer ("CTO") Umair Bashir, and Albertsons employees, includes discussion of the functionality of Replenium's back-end system, as well as detailed information from Replenium's CTO responding to Albertsons' targeted questions concerning the functionality and logic of the Replenium Platform and a specific feature called Chart & Checkout. This business logic would reveal Replenium's trade secrets, as set forth in its Complaint.

- Exhibit 20 is a collection of Slack messages between Replenium and Albertsons employees discussing the functionality and logic of Replenium's system for purposes of troubleshooting issues raised by Albertsons. These messages discuss the underlying logic of Replenium's trade secrets and the way in which they are implemented for purposes of enabling Replenium's auto-replenishment services, including Cart & Checkout.

PLAINTIFF REPLENIUM INC.'S MEMORANDUM OF LAW IN RESPONSE TO DEFENDANT ALBERTSONS COMPANIES, INC.'S MOTION TO SEAL - 7
CASE NO. 2:24-CV-1281-GJL

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1   All of these communications and presentations were shared with Albertsons by Replenium pursuant to the strict terms of the MNDA (and MSA) governing the parties' communications. Ex. 3. These documents address confidential and trade secret information which are commonly sealed. *See Blockchain*, 2024 U.S. Dist. LEXIS 181306, at *6; *New Freedom Ops LLC v. Iovino*, 2023 U.S. Dist. LEXIS, at *4 (W.D. Wash. Jan. 19, 2023). The disclosure of this information would cause substantial and irreparable harm to Replenium by divulging its confidential and trade secret information, which is at the heart of this litigation. Replenium's competitors could be able to discern from these documents—either directly or indirectly through additional analysis and research—the functionality of Replenium's trade secrets that could assist them in building a competing auto-replenishment technology and cause further damage to Replenium.

Albertsons asserts that these exhibits should be filed publicly because it "believes much of the material is already in the public domain[, ]and thus inappropriate for trade secret and confidentiality treatment." Dkt. 21 at 1. But "[a] motion to seal is not the proper context for the court to decide these trade secret issues," particularly "before the parties and the court engage in a full analysis of the law and the merits of [Replenium's] claims." *PTP OneClick, LLC v. Avalara, Inc.*, 2019 U.S. Dist. LEXIS 202213, at *9-10 (W.D. Wash. Nov. 21, 2019); *see United Tactical Sys., LLC v. Real Action Paintball, Inc.*, 2015 U.S. Dist. LEXIS 7168, at *9 (N.D. Cal. Jan. 21, 2015) (concluding that "a motion to seal is not the proper vessel to explore" the plaintiff's trade secrets claim"). The "'compelling reasons' standard only requires that the court determine that disclosure might become a vehicle for improper purposes, including the release of trade secrets." *PTP OneClick*, 2019 U.S. Dist. LEXIS 202213, at *10 (citations and internal quotation marks omitted). Albertsons may move to unseal these Exhibits after the Court reaches a final ruling on Replenium's trade secret claims, but not before. *Id.* at *11. But permitting the publication of these confidential and trade secret documents at this juncture, prior to any determination on the merits, would significantly threaten Replenium's business, which has already been damaged by Albertsons through its improper misappropriation of its trade secrets.

PLAINTIFF REPLENIUM INC.'S MEMORANDUM OF LAW IN RESPONSE TO DEFENDANT ALBERTSONS COMPANIES, INC.'S MOTION TO SEAL - 8
CASE NO. 2:24-CV-1281-GJL

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

\* \* \*

Replenium has accommodated the public's right of access by narrowly limiting the information sought to be filed under seal to only information related to the parties' nonpublic, technical, product development information. Pursuant to Local Rule (5)(g)(3), Replenium seeks only to have sealed confidential material in an effort to provide public access to the remainder of the material. The public disclosure of the sealed information would cause significant competitive harm to Replenium.

## CONCLUSION

For the foregoing reasons, Replenium respectfully requests that the Court order Exhibits 11, 12, 16, 17, 18, 19, and 20 remain sealed, and Exhibits 1, 2, and 5 be filed with the aforementioned specified pages redacted.

DATED this 28th day of October

**SUMMIT LAW GROUP, PLLC**

I certify that this memorandum contains 2,641 words, in compliance with the Local Civil Rule

By *s/ Lawrence C. Locker*
  Lawrence C. Locker, WSBA #15819
  Rebecca Singleton, WSBA #57719
  315 Fifth Avenue S., Suite 1000
  Seattle, WA 98104-2682
  Tel.: (206) 676-7000
  larryl@summitlaw.com
  rebeccas@summitlaw.com

**SPIRO HARRISON & NELSON**

Jason C. Spiro
(*Pro Hac Vice* application forthcoming)
Meredith Sharoky Paley
(*Pro Hac Vice* application forthcoming)
40 Exchange Place, Suite 1404
New York, NY 10005
Tel.: (973) 232-0881
jspiro@shnlegal.com
mpaley@shnlegal.com

Attorneys for Plaintiff Replenium Inc.

PLAINTIFF REPLENIUM INC.'S MEMORANDUM OF LAW IN RESPONSE TO DEFENDANT ALBERTSONS COMPANIES, INC.'S MOTION TO SEAL - 9
CASE NO. 2:24-CV-1281-GJL

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

# CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

LANE POWELL PC
Aaron Schaer, WSBA No. 52122
Jesse Flickinger, WSBA No. 59396
schaera@lanepowell.com
flickingerj@lanepowell.com
1420 Fifth Ave., Suite 4200
P.O. Box 91302
Seattle, WA  98111-9402

BALLARD SPAHR LLP
Brian W. LaCorte (*pro hac vice* pending)
lacorteb@ballardspahr.com
1 E. Washington Street, Suite 2300
Phoenix, AZ 85022

Attorneys for Defendant Albertsons Companies, Inc.

DATED this 28th day of October 2024.

*Karen M. Lang*
Karen M. Lang – Legal Assistant
karenl@summitlaw.com

PLAINTIFF REPLENIUM INC.'S MEMORANDUM OF LAW IN RESPONSE TO DEFENDANT ALBERTSONS COMPANIES, INC.'S MOTION TO SEAL - 10
CASE NO. 2:24-CV-1281-GJL

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001