THE HONORABLE TANA LIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| REPLENIUM INC.,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>ALBERTSONS COMPANIES, INC.,<br><br>　　　　　　Defendant. | Case No. 2:24-CV-1281-TL<br><br>**DEFENDANT ALBERTSONS COMPANIES, INC.'S REPLY TO MOTION TO SEAL**<br><br>NOTE ON MOTION CALENDAR:<br>November 1, 2024 |

"There is a strong presumption of public access to the court's files." LCR 5(g); *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *Phillips ex Rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002). Plaintiff Replenium Inc. is "the party who designated the document[s] confidential" in connection with Defendant Albertsons Companies, Inc.'s Motion to Dismiss (Dkt. 22), and therefore carries the burden of satisfying the requirements of LCR 5(g) to seal these documents. *See also* Mot. to Seal (Dkt. 21); Prot. Order (Dkt. 20) ¶ 4.3.[1]

"[J]udicial records are public documents almost by definition, and the public is entitled to access by default." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). Where such documents are "more than tangentially related to the merits of the case," such as the case here, the party seeking to seal the documents must provide "compelling reasons" to do so. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1102 (9th Cir. 2016). This is a "stringent

---

[1] Replenium now agrees that Exhibits 3–4, 6–8, and 13 should be unsealed. Mot. to Seal Resp. (Dkt. 26) at 1 n.2. Accordingly, the Court should unseal these exhibits.

DEFENDANT ALBERTSONS COMPANIES, INC.'S
REPLY TO MOTION TO SEAL - 1
CASE NO. 2:24-CV-1281-TL

127910.0024/9925979.4

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

1  standard," which requires the court to "conscientiously balance[] the competing interests of the
2  public and the party who seeks to keep certain judicial records secret." *Id.* at 1097 (citation
3  omitted); *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

4        Albertsons recognizes that considering whether a document should be sealed in this case
5  is difficult before any determination on the alleged underlying trade secret(s), and that "a motion
6  to seal is not the proper vessel to explore" when information is in fact a trade secret. *PTP OneClick,*
7  *LLC v. Avalara, Inc.*, No. C19-0640JLR, 2019 WL 6213167, at *3 (W.D. Wash. Nov. 21, 2019)
8  ("A motion to seal is not the proper context for the court to decide these trade secret issues."). That
9  said, with the exception of certain payment and financial information identified by Replenium in
10 its Response, Albertsons maintains that the remaining information is facially not confidential, not
11 a trade secret, or is otherwise publicly available, and thus there are no "compelling reasons" to seal
12 those filings. And the fact that the parties have a non-disclosure agreement "is not sufficient, by
13 itself, to warrant sealing the materials," *Onyx Enterprises Canada Inc. v. Royzenshteyn*, No. CV
14 23-2913 (GC) (JBD), 2024 WL 3952048, at *2 (D. N.J. Aug. 27, 2024), nor does the non-
15 disclosure agreement transform all information shared between the parties into a trade secret or
16 confidential information, *see Capricorn Mgmt. Sys., Inc. v. Gov't Emps. Ins. Co.*, No. 15-cv-2926
17 (DRH) (SIL), 2019 WL 5694256, at *17 (E.D.N.Y. July 22, 2019).

18 **A.    Exhibit 1**

19       Exhibit 1 is a copy of the Statement of Work ("SOW") that was attached to the parties'
20 Master Services Agreement ("MSA"). *See* Dkt. 24-1; Locker Decl. (Dkt. 27), Ex. A. Albertsons
21 acknowledges that Appendix A to the SOW may remain sealed to the extent it provides truly
22 competitively sensitive pricing information. However, Replenium's other requested redactions are
23 inappropriate. Specifically, the redacted information in Appendix C contains the different service
24 features Replenium was contracted to provide Albertsons pursuant to the MSA and SOW. As
25 discussed in Albertsons' Motion to Dismiss, such service features are obvious, the provision of the
26 services was publicly disclosed and described (albeit inaccurately) in Replenium's unsealed
27 Complaint, and the services involve concepts publicly known for any recurring order service. *See*

DEFENDANT ALBERTSONS COMPANIES, INC.'S
REPLY TO MOTION TO SEAL - 2
CASE NO. 2:24-CV-1281-TL

127910.0024/9925979.4

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

*Agency Solutions.Com, LLC v. TriZetto Grp., Inc.*, 819 F. Supp. 2d 1001, 1019 (E.D. Cal. 2011) (finding that "readily deductible" data fields that would be "presented to the operator" of a software program is not a trade secret). For the same reasons, they are excluded from the definition of "Confidential Information" in the parties' mutual non-disclosure agreement ("MNDA"). *See* Dkt. 24-3 §§ 2–3. There are no "compelling reasons" to seal Appendix C.

### B.    Exhibit 2

Exhibit 2 is a copy of the June 23, 2020, Auto-Replenishment @ Albertsons – Tech Overview presentation slide deck. *See* Dkt. 24-2; Locker Decl., Ex. C. As explained in Albertsons' Motion to Dismiss, this slide deck presentation merely consists of obvious or well-known information, already made public through Microsoft's public website, Replenium's '841 Patent Application, and Amazon's Subscribe and Save program. MTD at 12–13; *Agency Solutions.Com, LLC, Inc.*, 819 F. Supp. 2d at 1019; *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1002 (1984) ("Information that is public knowledge or that is generally known in an industry cannot be a trade secret."). This information should not be sealed.

### C.    Exhibit 5

Exhibit 5 is a copy of the January 26, 2021 Amendment 1 to the SOW. Dkt. 24-5; Locker Decl., Ex. B. Albertsons acknowledges that Replenium's redactions to the hours/rate/amount line-items on page two may be appropriate if this truly contains competitively sensitive pricing information, while the total cost of $443,050 is correctly unsealed and weighs on the merits of Replenium's claims while running counter to its ultimate damages. For the same reasons Appendix C of Exhibit 1 should not be sealed, nothing about the "Scope of Change" identified on page two of Exhibit 5 should be redacted. In short, this information does not include any trade secrets or confidential information for which there are compelling reasons to seal it from the public. In fact, Albertsons' Motion to Dismiss quoted from the Scope of Change, *see* MTD at 5, and Replenium took no issue with Albertsons filing that language publicly.

DEFENDANT ALBERTSONS COMPANIES, INC.'S
REPLY TO MOTION TO SEAL - 3
CASE NO. 2:24-CV-1281-TL

127910.0024/9925979.4

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

**D.      Exhibit 11**

Exhibit 11 is a copy of an April 7, 2022 email exchange, and attachments, between Replenium and Albertsons. Dkt. 24-9. Nothing in this email exchange is a trade secret. It is Replenium's demand to be paid more money to perform the Services under the MSA and SOW, which weighs directly on the elements of its claims and alleged damages. In the same way that Replenium took no issue with Albertsons publicly filing the $443,050 payment from Albertsons to Replenium contained in Exhibit 5, so too should there be no issue filing this email publicly. Again, Albertsons' Motion to Dismiss cited Replenium's $1.5 million demand and Albertsons' payment from Exhibit 11, MTD at 7, and Replenium did not ask that it be sealed.

The PowerPoint Slides attached to Exhibit 11 also should not be sealed in their entirety. They do not contain anything that could be considered a trade secret. Rather, the slides outline in real time the ongoing problems with the project, which Replenium purported to plead in its underlying Complaint. Nevertheless, Albertsons acknowledges that the information about hours spent, rate, and total contained on slides 4 and 5 may be redacted to the extent these truly contain competitive pricing information. Finally, Exhibit 11 also includes the SOW as an email attachment. The SOW should be redacted as discussed above. *See supra* § A.

**E.      Exhibits 12 and 16–20**

Exhibit 12 provides a copy of a September 15, 2020 email between Replenium and Albertsons regarding "Auto Replenishment – Customer Journey Walkthrough" with Replenium's September 11, 2020 "Albertsons User Stories" presentation slide deck. Dkt. 24-10. As explained in the Motion to Dismiss, this information is already in the public domain through multiple different avenues, and therefore is neither a trade secret nor confidential. MTD at 12–13.

Exhibits 16–20 are all forms of presentations, email threads, and/or Slack messages. Dkt. 24-12–16. Again, for the reasons identified in Albertsons' Motion to Dismiss, Replenium has failed to provide compelling reasons why these items—which contain obvious, well known, public information—should remain sealed. MTD at 14–16. The mere fact that the parties entered into a non-disclosure agreement does not mean that all their communications are per se confidential. *See*

DEFENDANT ALBERTSONS COMPANIES, INC.'S
REPLY TO MOTION TO SEAL - 4
CASE NO. 2:24-CV-1281-TL

127910.0024/9925979.4

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

*Capricorn Mgmt. Sys., Inc.*, 2019 WL 5694256, at *17. Nor does the existence of the MNDA transform publicly available information into a trade secret. Again, this type of material is expressly excluded from the definition of Confidential Information in the MNDA. *See* Dkt. 24-3 §§ 2–3.

**F.     Conclusion**

Compelling reasons do not exist to seal most of the material Albertsons filed in connection with its Motion to Dismiss. Keeping this information from the public is a high bar and a "stringent standard," which Replenium has not met. *Ctr. for Auto Safety*, 809 F.3d at 1097. The relevant exhibits should be treated as follows:

- Exhibits 3–4, 6–8, and 13: the parties agree these should be unsealed in their entirety.
- Exhibit 1: only the competitive pricing information in Appendix A should be redacted.
- Exhibit 5: only the competitive pricing information on page two should be redacted.
- Exhibit 11: only the competitive pricing information in PowerPoint slides 4 and 5, and the competitive pricing information in Appendix A to the SOW, should be redacted.
- Exhibits 2, 12, and 16–20: should be unsealed in their entirety.

//
//

DEFENDANT ALBERTSONS COMPANIES, INC.'S
REPLY TO MOTION TO SEAL - 5
CASE NO. 2:24-CV-1281-TL

127910.0024/9925979.4

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

DATED: November 1, 2024

                        LANE POWELL PC

By:   *s/ Aaron Schaer*
       Aaron Schaer, WSBA No. 52122
       Jesse Flickinger, WSBA No. 59396
       1420 Fifth Avenue, Suite 4200
       P.O. Box 91302
       Seattle, Washington 98111-9402
       Telephone: 206.223.7000
       schaera@lanepowell.com
       flickingerj@lanepowell.com

BALLARD SPAHR LLP

       Brian W. LaCorte *pro hac vice*
       1 East Washington Street, Suite 2300
       Phoenix, Arizona 85004-2555
       Telephone: (602) 798-5449
       LaCorteB@ballardspahr.com

*Attorneys for Albertsons Companies, Inc.*

I certify that this memorandum contains 1,489 words, in compliance with the Local Civil Rules.

DEFENDANT ALBERTSONS COMPANIES, INC.'S
REPLY TO MOTION TO SEAL - 6
CASE NO. 2:24-CV-1281-TL

127910.0024/9925979.4

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107