UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| REPLENIUM INC., <br><br> Plaintiff, <br> v. <br><br> ALBERTSONS COMPANIES, INC., <br><br> Defendant. | CASE NO. 2:24-cv-01281-TL <br><br> ORDER ON MOTION TO SEAL |

This matter is before the Court on Defendant's Moton to Seal. Dkt. No. 21. Having reviewed Plaintiff's response (Dkt. No. 26), Defendant's reply (Dkt. No. 28), and the relevant record, the Court GRANTS IN PART and DENIES IN PART the motion as follows.

I. BACKGROUND

The Court assumes familiarity with the facts of the facts of the case. Relevant to the instant motion, Plaintiff seeks to maintain under seal various exhibits attached to Defendant's motion to dismiss. *See* Dkt. No. 26. Defendant largely opposes. *See* Dkt. No. 28.

## II. Legal Standard

There is a strong presumption of public access to court-filed documents. Local Civil Rule ("LCR") 5(g); *accord Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A party seeking to seal records related to motions that are dispositive or otherwise "more than tangentially related to the merits of a case" must "meet the high threshold of showing that 'compelling reasons' support secrecy." *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1098–99 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1180. "'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Even if compelling reasons are identified, a sealing order must be narrowly tailored. *Kamakana*, 447 F.3d at 1182.

## III. Discussion

As an initial matter, Plaintiff—who bears the burden on this motion, *see* LCR 5(g)(3)(B)—agrees that Exhibits 3–4, 6–8, and 13 may be unsealed, and the Court will accordingly unseal them. *See* Dkt. No. 26 at 1 n.2. However, the Parties still dispute the sealing requests for Exhibits 1–2, 5, 12, and 16–20. The Court rules on each exhibit as follows.

**A.   Exhibit 1**

Exhibit 1 is the Statement of Work ("SOW") agreed upon between Plaintiff and Defendant. Dkt. No. 24-1. In response to the motion, Plaintiff seeks only partial sealing. *See* Dkt. No. 26 at 4; Dkt. No. 27 at 4–14 (proposed redactions). Specifically, Plaintiff requests that Appendix A and Appendix C to the SOW remain under seal. *See* Dkt. No. 6 at 4. Plaintiff argues Appendix A "discloses sensitive financial information related to the fees that [Plaintiff]

1 negotiated with [Defendant] to earn pursuant to the NSA." *Id.* Appendix C "disclosed a detailed list of the service features [Plaintiff] was to provide to [Defendant] pursuant to the MSA." *Id.* Plaintiff ultimately argues that "[t]he public disclosure of [Plaintiff's] fee structure and the features that [Plaintiff] would provide in return has great potential to harm it in future contract negotiations with customers and potential customers." *Id.* In response, Defendant concedes that Appendix A "may remain sealed to the extent it provides truly competitively sensitive pricing information," but that Appendix C describes obvious or publicly disclosed service features, including disclosure in Plaintiff's Complaint. Dkt. No. 28 at 2.

The Court finds that Exhibit 1 may be redacted as proposed by Plaintiff. Appendices A and C of the SOW contain financial information and terms of confidential contracts that have the potential to harm Plaintiff's competitive standing. *See In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (holding that "pricing terms, royalty rates, and guaranteed minimum payment terms" are the "precise sort of information" that may be sealed); *Fed. Trade Comm'n v. Qualcomm Inc.*, No. C17-220, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (finding compelling reasons to seal information that "divulges terms of confidential contracts, contract negotiations, or trade secrets"). Even if some of the services listed in Appendix C are disclosed elsewhere in the record, as Defendant argues with little specificity (*see* Dkt. No. 28 at 2–3), there is nevertheless potential harm from the association between the precise suite of services offered by Plaintiff and the corresponding financial terms.

**B.    Exhibit 2**

Exhibit 2 is a copy of Plaintiff's June 23, 2020, presentation. Dkt. No. 24-2. In response to the motion, Plaintiff seeks only partial sealing. *See* Dkt. No. 26 at 5; Dkt. No. 27 at 19–61 (proposed redactions). Specifically, Plaintiff requests that slides 12–16 and 39–40 (seven slides out of a 40-slide presentation) be redacted, as slides 12–16 contain trade secrets and slides 39–40

ORDER ON MOTION TO SEAL - 3

contain "proprietary and confidential business information." Dkt. No. 26 at 5. In response, Defendant argues that the presentation "merely consists of obvious or well-known information" and thus should not be sealed. Dkt. No. 28 at 3.

The Court finds that Exhibit 2 may remain under seal as redacted by Plaintiff. Plaintiff alleges that the seven redacted slides contain alleged trade secrets or confidential information. *Kamakana*, 447 F.3d at 1179. While Defendant contests those assertions here (and in its Motion to Dismiss), the Court has not made a final ruling on the status of Plaintiff's alleged trade secrets or confidential information, and "[a] motion to seal is not the proper context for the court to decide these trade secret issues." *PTP OneClick, LLC v. Avalara, Inc.*, No. C19-640, 2019 WL 6213167, at *3 (W.D. Wash. Nov. 21, 2019); *accord United Tactical Sys., LLC v. Real Action Paintball, Inc.*, No. C14-4050, 2015 WL 295584, at *3 (N.D. Cal. Jan. 21, 2015). Upon such a ruling, Defendant may move to unseal these materials, or the Court may consider the issue *sua sponte* after receiving input from the Parties. See *PTP OneClick*, 2019 WL 6213167, at *3.

**C.     Exhibit 5**

Exhibit 5 is "Amendment Number One to Statement of Work." Dkt. No. 24-5. In response to the motion, Plaintiff only seeks partial sealing. *See* Dkt. No. 26 at 5; Dkt. No. 27 at 16–17 (proposed redactions). Specifically, Plaintiff requests that the details of its work and its hourly rates remain under seal. Dkt. No. 26 at 5. Plaintiff argues that the information is "not publicly available" and disclosure of this "confidential pricing information" would put its "competitive standing" at risk. *Id.* In response, Defendant concedes that the hourly rates may remain under seal "if this truly contains competitively sensitive pricing information," but it argues that the details of work should be unsealed because they do not include any trade secrets or confidential information. *See* Dkt. No. 28 at 3.

ORDER ON MOTION TO SEAL - 4

1    As with Exhibit 1, *see supra* Section III.A, the Court finds that Exhibit 5 may remain
2 under seal as redacted by Plaintiff. The details of work and hourly rates similarly contain pricing
3 information and terms of confidential contracts that could harm Plaintiff's competitive standing.
4 *See Elec. Arts*, 298 F. App'x at 569; *Qualcomm*, 2019 WL 95922, at *3.

5 **D.     Exhibit 11**

6    Exhibit 11 is a copy of an April 7, 2022, email exchange between Plaintiff and
7 Defendant, with attachments. Dkt. No. 24-9. Plaintiff argues that the exhibit is improperly
8 attached to Defendant's Motion to Dismiss, as it is not incorporated by reference. *See* Dkt.
9 No. 26 at 6. Plaintiff also argues that it should be sealed as it "implicates [a party's] business
10 interests yet is inconsequential to the merits of the underlying dispute." *Id.* (quoting *Silver Fern*
11 *Chem., Inc. v. Lyons*, No. C23-775, 2023 WL 4624477, at *2 (W.D. Wash. July 19, 2023)). In
12 response, Defendant argues that the email exchange does not contain any trade secrets and was
13 disclosed without apparent objection in its Motion to Dismiss. *See* Dkt. No. 28 at 4. Defendant
14 concedes that certain financial information in the attached slides, as well as the SOW, may be
15 redacted, but that the remainder of the slides should be unsealed as they do not contain trade
16 secrets and instead contain disclosed information. *See id.*

17    The Court finds that Exhibit 11 may remain under seal, but only with certain redactions.
18 In its Order on the Motion to Dismiss, the Court held that this email exchange was not
19 incorporated by reference (*see* Dkt. No. 39 at 11), rendering much of the exhibit inconsequential
20 to the merits of this dispute while implicating Plaintiff's business interests. *Silver Fern*, 2023 WL
21 4624477, at *2. However, to the extent Defendant disclosed the contents of this exhibit in its
22 briefing on the Motion to Dismiss and Plaintiff did not object (*e.g.*, $1.5 million payment
23 demand), Plaintiff's argument is waived and the contents should be unredacted. In addition, the

SOW should be redacted in accordance with Plaintiff's proposed redactions and otherwise unredacted. *See supra* Section III.A.

E.     **Exhibits 12 and 16–20**

Exhibits 12 and 16–20 are presentations, email threads, and/or Slack messages that were shared by Plaintiff with Defendant or exchanged between the two. Dkt. Nos. 24-10, 24-12, 24-13, 24-14, 24-15, 24-16. Plaintiff argues that these exhibits contain competitive business information, much of which constitutes a trade secret or confidential information. *See* Dkt. No. 26 at 6–8. In response, Defendant argues that the information is obvious or well-known and thus should be unsealed. *See* Dkt. No. 28 at 4–5.

As with Exhibit 2, *see supra* Section III.B, the Court finds that Exhibits 12 and 16–20 may remain sealed. Plaintiff alleges that the exhibits contain alleged trade secrets or confidential information. *Kamakana*, 447 F.3d at 1179. The Court will not resolve the status of the alleged trade secrets or confidential information on this motion, though the Parties or the Court may revisit the issue later upon a final determination. *PTP OneClick*, 2019 WL 6213167, at *3.

## IV.     CONCLUSION

Accordingly, Defendant's Motion to Seal (Dkt. No. 21) is GRANTED IN PART and DENIED IN PART. It is hereby ORDERED:

(1)     The Clerk SHALL promptly unseal Docket Numbers 24-3, 24-4, 24-6, 24-7, 24-8, and 24-11.

(2)     Docket Numbers 24-1, 24-2, and 24-5 SHALL remain under seal.

    a.     Plaintiff SHALL file its proposed redacted versions of Exhibits 1, 2, and 5 **within seven (7) days** of this Order.

(3)     Docket Number 24-9 SHALL remain under seal.

    a.  Plaintiff SHALL file a redacted version of Exhibit 11 in accordance with this Order **within seven (7) days** of this Order.

(4) Docket Numbers 24-10, 24-12, 24-13, 24-14, 24-15, and 24-16 SHALL remain under seal.

Dated this 11th day of February 2025.

                   Tana Lin
                   United States District Judge